UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

AMY SCOTT,

    Plaintiff,

vs.

ORBIS CORPORATION,

    Defendant.

Case No. 3:14-cv-62

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

## STIPULATED PROTECTIVE ORDER

Counsel for the parties agree to the following order ("Order") protecting the confidentiality of certain information and agree to be bound by the restrictions of this Order limiting the use of such information. Counsel have further agreed that their agreement may be entered by the Court as its Order. Therefore, pursuant to Fed. R. Civ. P. 26(c), the Court **ORDERS** as follows:

1. It is anticipated that certain information, (a) conveyed by or contained in a document produced, (b) stated in an answer to an interrogatory or request for admission, (c) disclosed in an oral deposition by a party or non-party in the course of discovery in this proceeding, or (d) disclosed pursuant to a voluntary agreement among counsel may be confidential information of the type that must be protected from disclosure.

2. This Order protects all such information, which should be designated by either party as "Confidential." Either party producing information that it reasonably believes to be confidential may, at the time of production, designate such information as "Confidential," and the information shall thereafter be subject to the provisions of this Order.

3. It is anticipated that certain employee personnel information and customer and proprietary information related to or involving Defendant ORBIS Corporation may be deemed "Confidential" for purposes of this Order.

4. "Confidential" information shall be used solely for the prosecution or defense of this matter and shall not be disclosed in any manner to anyone other than the parties, their law firms of record, employees of those law firms, any witnesses or experts, and the Court. Counsel shall instruct all such persons to themselves maintain the confidentiality of information protected by this Order, shall furnish to all such persons a copy of this Order, and is responsible for ensuring the compliance of such persons with this Order.

5. In the event that any "Confidential" information is used in depositions, the reporter shall be instructed either (1) by a statement on the record by counsel at the time of the deposition, or (2) by written notice to all counsel within thirty business days after the receipt of the transcript that the portions of the depositions relating to the "Confidential" information, as well as any "Confidential" documents that are made exhibits, shall be maintained under separate cover, with each page thereof clearly marked as "Confidential" or words to that effect, and if to be filed in connection with this proceeding or any subsequent appeal, shall be submitted to the Court pursuant to this Order as set forth in Paragraph 6, and that copies of such materials shall be given only to counsel of record. Only those persons afforded access under Paragraph 4 may be present at any examination concerning "Confidential" information.

6. Unless otherwise agreed to by the parties, in the event that any "Confidential" information is included with, incorporated in, or in any way disclosed in any paper filed with the Court in connection with this proceeding or any subsequent appeals, the parties agree to request

that the Court, for good cause shown, allow the "Confidential" information or documentation to be filed under seal and kept confidential. The party designating a document as "Confidential" shall provide the legal justification for filing the document under seal. Any material containing "Confidential" information shall be submitted to the Court pursuant to Local Rule 79.3. This provision shall not be deemed to prevent additional copies of any pleading or paper from being hand-delivered to the Court's chambers provided, however, such copies comply with the requirements set forth herein.

7. Upon final termination of this matter, all "Confidential" information, copies of the same, and excerpts or extracts of the same (excluding excerpts or extracts incorporated into any privileged memoranda of the parties), except for information that has become a part of the record in this matter, shall be destroyed or returned to the person producing the information within sixty (60) days. Unless a court orders otherwise, the parties shall continue after final termination of this proceeding to keep confidential the information subject to this Order.

8. This Order is entered solely for the purpose of protecting the confidentiality of information and facilitating the exchange of documents and information between the parties to this proceeding without unnecessarily involving the Court in the process. By entering into this Order, no party agrees to produce any particular document or information, including but not limited to, any documentation or information referenced herein. This Order shall be without prejudice to the right of any party to object to the production of any information or documents or to object to the admissibility of any evidence or testimony. Moreover, this Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any such particular document or information, including

restrictions differing from those as specified herein, and this Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

9. The parties may agree in writing only to withdraw the designation of "Confidential." If a party notifies the opposing party in writing that it disputes the confidentiality designation of a document, the party challenging the designation of the document as "Confidential" shall bear the burden of going forward to move the Court to resolve the issue after the parties have attempted to resolve their dispute in good faith. The document in question will remain subject to this Order until the Court rules on the designation of the document.

10. The parties agree that any documents that are otherwise authentic for purposes of admissibility remain authentic even if stamped "Confidential."

11. This Order has no effect upon and shall not apply to a party's own use of the information and documents that that party produced under the protections of this Order.

12. In the event additional parties join or are joined in this action, they shall not have access to material marked "Confidential" until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

13. The United States District Court for the Southern District of Ohio retains jurisdiction to alter or amend this Order by further order of the Court upon a showing of good cause. Upon approval by the Court, this Stipulated Protective Order shall be effective as the Order of the Court. Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of "confidential" information.

14. Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Documents filed under seal shall comply with Southern District of Ohio Local Rule 79.3. This Protective Order does not authorize filing under seal; any provisions in this Protective Order to the contrary are hereby stricken.

**IT IS SO ORDERED.**

Date: 12/11/14

Michael J. Newman
United States Magistrate Judge

**SO STIPULATED:**

/s/ David M. Duwel (per e-mail authorization)
David M. Duwel (0029583)
DUWEL LAW
130 West Second Street
Suite 2101
Dayton, OH 45402
Phone: 937.297.1154
Fax: 937.297.1152
david@duwellaw.com

*Trial Attorneys for Plaintiff*

/s/ James D. Schoeny
James D. Schoeny (0076561)
Robert A. Dimling (0020349)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
(513) 651-6800
(513) 651-6981 (facsimile)
jschoeny@fbtlaw.com

rdimling@fbtlaw.com

*Trial Attorneys for Defendant*